UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOICE L. CAUSEY,

    Plaintiff,

    v.

ARTHUR DORE,

    Defendant.
_____/

Case No. 19-cv-10503

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#60]**

### I. INTRODUCTION

On February 19, 2019, Plaintiff Choice Causey ("Causey") commenced this action against Defendant Arthur Dore ("Dore") concerning a terminated lease agreement for the Prime Event Center in Bay City, Michigan. ECF No. 1. Plaintiff filed his First Amended Complaint on November 1, 2019, alleging state law claims for false light invasion of privacy and tortious interference with a business relationship. ECF No. 28.

Presently before the Court is Plaintiff's Motion for Reconsideration, filed on October 6, 2020. ECF No. 60. Plaintiff asks this Court to reverse its prior decision granting Defendant's summary judgment motion and denying Plaintiff leave to file a second amended Complaint. *Id.*; *see* ECF No. 58. On October 7, 2020, this Court

1

entered a text-only order requiring additional briefing on Plaintiff's Motion for Reconsideration.  Defendant accordingly filed a Response on October 27, 2020.  ECF No. 61.

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter.  Accordingly, the Court will resolve Plaintiff's Motion for Reconsideration on the briefs.  *See* E.D. Mich. L. R. 7.1(f)(2).  For the reasons set forth below, the Court will DENY Plaintiff's Motion for Reconsideration [#60].

## II. BACKGROUND

Plaintiff's claims stemmed from a six-month lease agreement for the Prime Event Center starting in March 2016.  Plaintiff alleged that his contract was terminated by a voicemail left by Defendant in early March 2016, where Defendant raised concerns about the purported promotion of events at the Prime Event Center by local gangs.  Following the voicemail and subsequent discussions with Defendant and the Bay City Police Department, Plaintiff paid the lease requirements, including initial deposits, in accordance with the contract.

Defendant subsequently alleged that Plaintiff failed to make the required rent payment for April 2016.  Plaintiff disagreed with this allegation, arguing instead that he already paid the rent for April 2016 under a different interpretation of the lease agreement.  Additionally, Defendant was quoted in an MLive article concerning

Plaintiff's prior lawsuit and stated that Plaintiff's contract was terminated for failure to pay his monthly rent.

On February 19, 2019, Plaintiff filed his Complaint against Defendant Dore, alleging one count of false light invasion of privacy in relation to Defendant's quoted language in the MLive article. Plaintiff subsequently amended his Complaint on November 1, 2019 and added an additional claim for tortious interference with a business relationship.

On September 22, 2020, this Court issued an Opinion and Order granting Defendant's Motion for Summary Judgment, ECF No. 39, and Denying Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 50. *See* ECF No. 58. In its Order, the Court concluded that summary judgment in favor of Defendant was warranted on both Plaintiff's false light invasion of privacy claim and tortious interference with a business relationship claim. The Court emphasized in its reasoning that Plaintiff failed to demonstrate that the MLive article contained any false information in light of the plain language of the lease agreement. *Id.* at PageID.922-923. The Court further held that, even if Plaintiff established the information was false, Plaintiff could not satisfy the third prong of the analysis, which requires that the statements be highly objectionable to a reasonable person. *Id.*

The Court additionally found that Plaintiff's tortious interference claim did not sufficiently relate back to his Complaint because this claim concerned the lease agreement itself, not the statements made to the media about the broader dispute. *Id.* at PageID.925. Finally, the Court denied Plaintiff leave to file a second amended Complaint, finding that Plaintiff failed to establish good cause to bring additional claims under the Michigan Elliot-Larsen Civil Rights Act long after discovery closed and the pleading amendment deadline passed. *Id.* at PageID.929.

Plaintiff now moves the Court to reconsider its Order. ECF No. 60. In support of his instant Motion, Plaintiff asserts that this Court committed five palpable defects requiring reconsideration and a different disposition of this case. *Id.* at PageID.939-940. First, Plaintiff argues that this Court erred in finding that the lease agreement was not terminated by Defendant's March 2016 voicemail. *Id.* at PageID.940. Second, Plaintiff asserts that the Court erroneously concluded that Plaintiff failed to pay his April 2016 rental obligations. *Id.* Third, this Court purportedly committed a palpable defect when it found that Defendant's statements to the media were neither false nor highly objectionable under the law. *Id.* Fourth, Plaintiff argues that it erred in finding Plaintiff's tortious interference claim did not relate back to his Complaint. *Id.* Finally, Plaintiff alleges that this Court improperly denied his Motion to amend the Complaint and that he was not "obviously aware of the basis" for amending until early 2020. *Id.*

Defendant opposed Plaintiff's Motion for Reconsideration on October 27, 2020, arguing that Plaintiff fails to identify any palpable defects in the Court's analysis and that he may neither raise new claims regarding the lease agreement nor reassert arguments already raised in prior briefs. ECF No. 61, PageID.961. Defendant contests each of Plaintiff's aforementioned arguments in his Response.

### III. LEGAL STANDARD

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## IV. Discussion

In his present Motion, Plaintiff raises five arguments for why the Court's Opinion and Order should be reconsidered and corrected after granting summary judgment for Defendant and denying Plaintiff leave to amend his Complaint. The Court will address each argument below.

### A. The Court Did Not Err in Finding that the Lease Was Not Terminated by Defendant's March 2016 Voicemail

Plaintiff first contends that this Court committed a palpable defect when it found that his Prime Event Center lease was not terminated by Dore's voicemail from March 11, 2016. ECF No. 60, PageID.942. The Court previously found that it was not persuaded by Plaintiff's argument here because his conduct following the voicemail contradicted his contract termination claim. ECF No. 58, PageID.922. The factual record indicates that, after the voicemail, Plaintiff (1) met with the Bay City Police Department, Defendant Dore, and other representatives of Dore Real Estate; (2) paid the $10,000 that was due at the signing of the lease agreement; (3) engaged in conversations with Defendant about future events that could be held at the Prime Event Center; (4) and hosted at least one event in which he "opened the doors, opened the venue, staffed it and operated it." ECF No. 39, PageID.244; ECF No. 58, PageID.916-917.

While Plaintiff may disagree with the Court's conclusion, there is no evidence of clear or obvious defects in the Court's analysis. To the contrary, Defendant is

6

correct to suggest that "Plaintiff's own conduct showed that Plaintiff did not believe the lease to have been terminated," even if there were further discussions after the voicemail about future events and safety concerns. ECF No. 61, PageID.964.

Additionally, Plaintiff brings forth a new argument to illustrate how this Court erred in finding that the lease agreement was not terminated by that voicemail. Specifically, Plaintiff asserts that Defendant's voicemail was a "condition precedent [that] constituted an offer for an entirely new contract following [Defendant's] actions taken to dissolve Plaintiff's lease agreement." ECF No. 60, PageID.942.

Defendant argues in response that Plaintiff's argument, as a procedural matter, is improper since it was not raised in his initial Response to Defendant's Motion for Summary Judgment. ECF No. 61, PageID.965-966. The Sixth Circuit has determined that a motion for reconsideration may not be used to raise issues that could have been raised in the previous motion but were not. *Evanston Ins. Co. v. Cogswell Props.*, LLC, 683 F.3d 684, 692 (6th Cir. 2012) (citations omitted). Stated differently, "a motion for reconsideration does not provide the movant with an opportunity for a 'second bite at the apple.'" *Dassault Systemes, S.A. v. Childress*, No. 09-cv-10534, 2016 WL 8230643, at *1 (E.D. Mich. Jan. 29, 2016) (citing *Evanston Ins. Co.*, 683 F.3d at 692). The Court thus agrees with Defendant that Plaintiff's argument regarding the formulation of a new contract is untimely.

7

Accordingly, Plaintiff has failed to demonstrate a palpable defect by which the Court has been mislead as to the voicemail and its impact on the lease agreement.

### B. The Court Did Not Err in Concluding that Plaintiff Did Not Meet His April 2016 Rental Obligations and that Plaintiff Consequently Failed to Establish the Second or Third Prongs of his False Light Invasion of Privacy Claim

Plaintiff next argues that the Court incorrectly interpreted Dore's statements to the media regarding Plaintiff's ability to fulfill his rental obligations. ECF No. 60, PageID.944. He contends that the Court was mistaken in finding Defendant's voicemail did not terminate the lease agreement, and thus the statements made to the media were patently false. *Id.* Plaintiff's third argument follows this logic, asserting that Dore's statements to MLive were highly objectionable because of their falsity and potential repercussions on his reputation. *Id.* at PageID.946.

As discussed *supra*, the Court did not find a palpable defect with respect to its conclusion that the lease agreement was not terminated by the voicemail. In his Motion, Plaintiff recognizes that both his second and third arguments are contingent upon a finding that the lease was terminated by Dore's voicemail. *See* ECF No. 60, PageID.945-946. The Court has declined to make this finding here.

Further, this Court found in its prior Order that, even if he had been able to show that false information was publicly broadcasted, Plaintiff still failed to establish that Dore's statements were "highly objectionable to a reasonable person" as required by Sixth Circuit precedent. ECF No. 58, PageID.921 (citing *Fronning*

8

*v. Jones*, 77 F.3d 482 (6th Cir. 1996)). In his present Motion, Plaintiff does not cite to any cases that illustrate clear or obvious defects in the Court's conclusion that the MLive statements did not "attribut[e] to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." *Id.* (citing *Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 631-632, 504 N.W.2d 715, 720-721 (1993)). Plaintiff's mere disagreement with the Court's analysis of the voicemail and the lease agreement is insufficient to warrant a contrary conclusion in this case.

Finally, to the extent that Plaintiff relies on the argument that the voicemail "attempted to establish conditions precedent to the dead lease agreement in what would have created a wholly new and separate contract," the Court has already found that this argument rests on a new and improperly advanced theory, and thus will not be considered. ECF No. 60, PageID.945; *see United States v. Holland*, No. 13-10082, 2018 WL 10733576, at *4 (E.D. Mich. Mar. 20, 2018) ("Plainly, the Court cannot be asked to 'reconsider' an issue that was never presented for its consideration in the first instance.").

### C. The Court Did Not Commit a Palpable Defect When It Found that Plaintiff's Tortious Interference Claim Fails to Sufficiently Relate Back to Plaintiff's Initial Complaint

Plaintiff additionally claims that the Court was misled in its analysis of his tortious interference claim and its finding that this claim did not sufficiently relate back to his original pleading. ECF No. 60, PageID.947. Specifically, he avers that

9

"the false light and tortious interference claims are intertwined in that they both involve the same incident and general conduct" in accordance with Federal Rule of Civil Procedure 15. *Id.* at PageID.949.  This argument parallels the same assertion made in Plaintiff's original response to Defendant's summary judgment motion.

Upon further review of the record, the Court reaches the same conclusion with respect to Plaintiff's tortious interference claim.  It is undisputed that both the false light claim and the tortious interference claim broadly address the same subject matter—mainly, the Prime Center lease, a contractual dispute, and a failure to pay rental obligations as specified by the plain interpretation of the lease agreement.  However, Plaintiff's false light claim alleged improper statements in a media publication from August 2016; the tortious interference claim separately examined a contractual dispute for a lease that was terminated in April 2016.  As the Court previously found, it is clear that "the circumstances and details of the contract's termination do not sufficiently relate back to media statements made months after the fact and cannot be said to fall under the same 'general conduct causing such wrong.'" ECF No. 58, PageID.925-926 (citing *Durand v. Hanover Ins. Group, Inc.*, 806 F.3d 387, 374–75 (6th Cir. 2015)).

This Court declines to employ the overbroad interpretation of the relation back doctrine proposed by Plaintiff in his Motion.  Further, "[b]ecause a motion for reconsideration is not a vehicle for litigants to re-hash old arguments or to relitigate

10

their cases," this argument must also fail. *Rodriques v. Delta Air Lines, Inc.*, No. 14-CV-12707, 2015 WL 10635525, at *2 (E.D. Mich. May 18, 2015), *aff'd sub nom. Rodriques v. Delta Airlines, Inc.*, 644 F. App'x 629 (6th Cir. 2016).

### D. The Court Did Not Err in Concluding that Plaintiff Failed to Establish Good Cause to File a Second Amended Complaint

Finally, Plaintiff contends that the Court committed a palpable defect by denying his Motion for Leave to File an Amended Complaint ("Motion to Amend"), which sought to add two claims under the Michigan Elliot-Larsen Civil Rights Act. Plaintiff asserts that "it is not that the two claims Plaintiff seeks to amend his Complaint to add were rediscovered or recalled . . . [n]or is it accurate to suggest the Plaintiff[] [was] aware of the bases for the two claims and then failed to amend prior to the discovery or motion deadline." ECF No. 60, PageID.950.

As an initial matter, the Court based the analysis in its Order on the language provided in Plaintiff's Motion to Amend:

> 7. That while preparing a response to Defendant's pending dispositive motion, counsel for Plaintiff reviewed all the relevant depositions taken both in this instant lawsuit and in Plaintiff's previous lawsuits. *Counsel admittedly then discovered and/or recalled the true extent of Defendant Dore's interference with Plaintiff's lease agreement.*
> 8. That, to wit, *it was (re)discovered* that Defendant Dore had inserted illegal conditions precedent into the lease agreement.

ECF No. 50, PageID.829 (emphasis added). Drawing from Plaintiff's representations in his Motion to Amend, the Court ultimately concluded that Plaintiff failed to establish sufficient good cause to warrant an amendment to his Complaint

11

at the late stage of the litigation. ECF No. 58, PageID.929. Plaintiff now argues, however, that it is not a matter of rediscovery or recollection; instead, he states that he failed to "recognize" the new claims until the preparation of his response to Defendant's summary judgment motion. ECF No. 60, PageID.950.

Irrespective of the particular word used to describe the conduct, the Court maintains that Plaintiff did not establish good cause to bring his Elliot-Larsen claims, especially (1) after Plaintiff already amended his Complaint once in November 2019, and (2) nine months had passed since the pleading amendment deadline. *See* ECF No. 58, PageID.929. Plaintiff was subject to a heightened burdened to demonstrate why an amendment at this late stage of the litigation was warranted, and he did not meet it.

Plaintiff further clarifies that he did not base his Motion to Amend on information uncovered in Defendant Dore's 2019 deposition, but that the Motion is instead "primarily based on testimony from Plaintiff's 2017 deposition from a previous case." ECF No. 60, PageID.951. Thus, Plaintiff acknowledges that he had the factual basis for the Elliot-Larsen claims for an additional two years before "recognizing" that he wished to plead additional counts.

This clarification, coupled with the controlling case law on heightened standards for amendment, only substantiates the Court's ultimate determination regarding Plaintiff's Motion to Amend. Contrary to Plaintiff's assertions, the record

indicates that Plaintiff was clearly aware of the factual basis comprising the Elliot-Larsen claims almost three years prior to the filing of his Motion to Amend. Whether Plaintiff realized the consequence of the existing factual basis during those three years is inapposite to the Court's ultimate analysis. Instead, the Court observed that the amendments were sought long after discovery closed, the dispositive motion deadline passed, and Defendant filed his summary judgment motion. *See* ECF No. 58, PageID.930. This created a sufficient basis for this Court to deny Plaintiff's Motion to Amend.

In sum, Plaintiff has failed to demonstrate that he is entitled to relief under Local Rule 7.1(h)(3).

### IV. Conclusion

For the reasons discussed herein, Plaintiff's Motion for Reconsideration [#60] is **DENIED**.

**IT IS SO ORDERED.**

                                             s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             UNITED STATES DISTRICT JUDGE

Dated: April 6, 2021

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 6, 2021, by electronic and/or ordinary mail.
/s/ Deborah Tofil for Teresa McGovern
Case Manager